IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-845

No. COA22-588

Filed 20 December 2022

Gaston County, No. 19CRS051331

STATE OF NORTH CAROLINA

v.

THOMAS MICHAEL ADAMS, Defendant.

Appeal by Defendant from judgment entered 12 January 2022 by Judge Jesse B. Caldwell, IV, in Gaston County Superior Court. Heard in the Court of Appeals 30 November 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney Kindelle McCullen and Special Deputy Attorney General Martin T. McCracken, for the State.*

*Patterson Harkavy LLP, by Christopher A. Brook, for the Defendant.*

JACKSON, Judge.

¶ 1    Thomas Michael Adams ("Defendant") appeals from judgment entered after he pleaded guilty to driving while impaired. We vacate and remand for resentencing.

## I.    Background

¶ 2    Defendant was cited for driving while impaired on 4 December 2019. He pleaded guilty on 12 January 2022.

¶ 3    At sentencing, the court found one factor in aggravation – Defendant's blood alcohol content was more than .15 at the time of the offense – and one factor in

mitigation – a safe driving record. The court concluded that the factors balanced each other out, and sentenced Defendant to 120 days' imprisonment. The court then suspended this sentence for 18 months of supervised probation. The court went on to impose a special condition of probation that Defendant perform 48 hours of community service, pay court costs, fines, and fees, and obtain a substance abuse assessment within 60 days. The court further stipulated that if Defendant was in full compliance with the terms of his probation within 12 months, his sentence of supervised probation could be changed to unsupervised probation.

## II.    Jurisdiction

Defendant did not notice an appeal from the judgment, and there is no right of appeal from a judgment entered upon a guilty plea. N.C. Gen. Stat. § 15A-1444(e) (2021). Defendant has therefore petitioned our Court for certiorari to review the judgment, citing *State v. Killette,* 381 N.C. 686, 690-91, 2022-NCSC-80 ¶ 15, in which our Supreme Court recently reaffirmed our authority to issue the writ of certiorari to review a judgment entered upon a guilty plea. In the exercise of our discretion, we issue the writ of certiorari here, and reach the merits of Defendant's appeal.

## III.    Analysis

Defendant argues that the sentence imposed by the sentencing court violated N.C. Gen. Stat. § 20-179(r), in that it required him to remain on supervised probation for at least 12 months, even if before that time he had performed his required

community service, paid court costs, fines, and fees, and obtained a substance abuse assessment. We agree.

## A. Standard of Review

¶ 6    When a defendant asserts that a "sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law[,]" the issue is automatically preserved for appellate review, regardless of whether an objection was raised in the trial court. N.C. Gen. Stat. § 15A-1446(d)(18) (2021). "Alleged statutory errors are questions of law reviewed de novo on appeal." *State v. Porter*, 282 N.C. App. 351, 352, 2022-NCCOA-166 ¶ 5 (2022) (internal marks and citation omitted).

## B. The Sentencing Court's Special Condition of Probation Was Unauthorized

¶ 7    North Carolina General Statute § 20-179(r) provides that when a judge determines that a defendant who has been convicted of driving while impaired

> should be placed on supervised probation, the judge shall authorize the probation officer to modify the defendant's probation by placing the defendant on unsupervised probation upon the completion by the defendant of the following conditions of the suspended sentence:
>
> (1) [c]ommunity service;
>
> . . .
>
> [(2)] [p]ayment of any fines, court costs, and fees; or
>
> [(3)] [a]ny combination of these conditions.

N.C. Gen. Stat. § 20-179(r) (2021). Notably, the statute does not authorize a sentencing court to condition an offender's transfer from supervised to unsupervised probation upon the passage of a certain amount of time.

¶ 8 Yet the sentencing court here purported to sentence Defendant to 12 months of supervised probation, regardless of whether he had performed the required community service, paid his court fines, costs, and fees, and obtained a substance abuse assessment before 12 months had elapsed. This was not a sentence authorized by N.C. Gen. Stat. § 20-179(r), and the sentencing court erred by imposing this special condition of probation. We therefore remand the case for resentencing.

## IV. Conclusion

¶ 9 Because the lower court sentenced Defendant to a special condition of probation that exceeded the court's statutory authority under N.C. Gen. Stat. § 20-179(r), we vacate the court's judgment and remand the case for resentencing.

VACATED AND REMANDED.

Judges ARROWOOD and COLLINS concur.